FILED
UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS

MAY 22 2020

JEFFREY P. ALLSTEADT, CLERK
INTAKE 2

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| IN RE:<br>   Christopher A. Freeman<br>   537 Monroe Ave.<br>   Glencoe, IL 60022-2071 | CASE NO. 19–22116<br><br>Judge Jack B. Schmetterer<br><br>Chapter 7 |
| William Psilos,<br>      Plaintiff,<br>vs.<br>Christoper A. Freeman,<br>      Defendant. | Trustee – Catherine L. Steege ESQ<br><br>Adversary Proceeding No. |

COMPLAINT FOR OBJECTION TO DISCHARGEABILITY OF DEBT
PURSUANT TO BOTH 11 U.S.C. §523(a)(2) AND 11 U.S.C. §523(a)(6)

### Preliminary Statement

1. This is a complaint for objection to dischargeability of debt pursuant to both 11 U.S.C. §523(a)(2) and 11 U.S.C. §523(a)(6).

### Jurisdiction and Venue

2. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §1334 and §157 in that this action arises in and relates to the bankruptcy case, *In re* Christopher A. Freeman, Case No. 19–22116, filed on 08/06/2019, and presently pending before this Court. This proceeding is a core proceeding under 28 U.S.C. §157(b)(2).

3. Venue is proper in this district under 28 U.S.C. §1409(a).

### Parties

4. The plaintiff is an individual who resides in Cook County, Illinois.

5. The defendant is an individual who resides in Cook County, Illinois.

### Statement of Facts

6. From June of 2017 until June of 2019, I worked as the head baker at the restaurants Nellcôte and RM Champagne, both owned by the defendant. When I began, the name of the company on my paychecks was "Nellcote LLC," (see exhibit A attached hereto). This changed in 2017 to "116 Green

1

Holdings" (see exhibit B attached hereto), which remained the name until June of 2019, when the restaurants abruptly ceased operations.

7. After the restaurants closed in 2019, I discovered that my purported employer, 116 Green Holdings, had in fact dissolved in December of 2018 (see exhibit C attached hereto). By continuing to issue paychecks in the name of this nonexistent company for months after its dissolution (see exhibit D attached hereto), the defendant made false representations to me that the business by which I was employed was existent, in good standing, and making payments on my behalf to the Social Security Administration, the Illinois Department of Revenue, and the Internal Revenue Service. To my knowledge now, only a portion of these payments were occurring or have occurred. According to the Social Security Administration's records, it seems that the business ceased reporting my wages after March 2019. Because of these false representations, I was misled by the defendant. Had I known the truth, I would not have continued working for the defendant. In remaining an employee of the business, I relied on the representations of the defendant, which turned out to be false.

8. The defendant has failed to provide a W-2 form for 2019 for my labor at the restaurants. This withholding of my W-2 is an additional obfuscation of the identity of my employer in 2019, since I cannot see what corporation or individual he would list as my employer in 2019 on the W-2 form. Presumably I would be listed as an employee of the defendant, since in the creditors' meeting on the tenth of December 2019 he stated that Nellcote LLC had no employees in 2019, and, again, 116 Green Holdings did not exist in 2019, and I am not aware of any other company by which it could have been said I was employed. This failure to provide my W-2 form has also caused me harm in that I have had to undergo a more arduous, alternate procedure with the Internal Revenue Service to file my incomes taxes. Additionally, this withholding of my W-2 form is willful and malicious behavior and a violation of federal law (Title 26 of the Code of Federal Regulations § 31.6051-1).

9. On the fifth of August 2019, the defendant sent me a text message saying, "your claim is actually with the company who employed you— which, I believe is one of the holdings companies that Dexter was the sole owner of," (see exhibit E attached hereto). This is another false representation about the existence 116 Green Holdings, as well as a false representation of who owes my unpaid wages. The defendant's mention of "Dexter" refers to Chris Dexter, another employee of the defendant, who had been

2

falsely presented to me as a partner in owning the business (116 Green Holdings had been registered under his name). This falsity of the claim that Chris Dexter (or anyone else) was a co-owner of the business was demonstrated in the creditors' meeting on the twenty-fifth of September 2019, in which the defendant stated that he was the sole proprietor of Nellcôte and RM Champagne.

10. In addition to misleading me by falsely representing that 116 Green Holdings still existed in 2019, the defendant willfully and maliciously denied paying wages for my labor from the twenty-fifth of April 2019 to the fourth of June 2019. His actions were in no way merely misstatements of the financial situation of his business. On the fourth of June 2019, when the restaurants abruptly ceased to operate, the defendant repeatedly promised to pay all the wages owed. During the weeks before this, managerial employees and representatives of the defendant also repeatedly assured me that I would be paid my wages. In the creditors' meeting on the tenth of December 2019, the defendant stated that revenue was being generated during the time period during which I was not being paid and that other employees and expenses were being paid. This admission in the creditors' meeting demonstrates that the defendant had the ability to pay my wages and willfully and maliciously chose not to pay me. He also stated in that same creditors' meeting that after the businesses closed he made no effort to pay the wages owed to his employees, demonstrating that he had no intention to pay the wages and that his withholding of these wages was not due to a lack of ability to pay them but rather due to a willful and malicious choice. In addition to the harm done to me by this malicious withholding of my wages, I was harmed by the defendant's (and his representative's) fraudulent assurances of payment which prolonged my work for the defendant. I would not have continued to work for the defendant had I known the truth that he was choosing to pay other employees instead of me and had made no effort to pay me. In other words, I was injured by the willful and malicious deprivation of wages as well as being misled and deprived of the knowledge that the defendant, my employer, had no intention to pay the wages owed to me, while he paid other employees and expenses.

11. The defendant filed for personal bankruptcy on the sixth of August 2019, less than two months' time after my last paycheck was due to be paid, since, according to the pay schedule, my last paycheck was due on the twelfth of June 2019.

12.  WHEREFORE, plaintiff prays that the Court:

   a.  Determines that the debt owed to me by the defendant is not discharged pursuant to both 11 U.S.C. §523(a)(2) and 11 U.S.C. §523(a)(6).

   b.  Awards damages of $4,026.38 for unpaid wages plus any accrued court costs.

   c.  Grant such other, further, and different relief as may be just and proper.

Respectfully submitted,

*[signature]*

, Pro Se

William Psilos
853 N Leavitt St Apt 2R
Chicago, IL 60622-7115
(815) 922-7416
williampsilos@gmail.com

4

# EXHIBIT A

## Form W-2 Wage and Tax Statement 2017

Copy C, for employees records

| Field | Value |
|---|---|
| d Control number | 0943-12059698 / 0000001708- |
| b Employer's identification number | 27-3141677 [REDACTED] |
| 13 | Statutory employee / Retirement plan |
| 12 See Instrs. for Box 12 | |
| 14 Other | |
| c Employer's name, address, and ZIP code | NELLCOTE LLC, 833 W RANDOLPH STREET, CHICAGO IL 60607 |
| e Employee's name, address, and ZIP code | WILLIAM PSILOS, 853 N LEAVITT, CHICAGO IL 60622 |
| Department of the Treasury - Internal Revenue Service | OMB No. 1545-0008 |
| 1 Wages, tips, other compensation | 12380.66 |
| 2 Federal income tax withheld | 1068.76 |
| 3 Social security wages | 12380.66 |
| 4 Social security tax withheld | 767.60 |
| 5 Medicare wages and tips | 12380.66 |
| 6 Medicare tax withheld | 179.52 |
| 7 Social security tips | |
| 8 Allocated tips | |
| 10 Dependent care benefits | |
| 11 Nonqualified plans | |
| 9 Verification Code | 3c0b-86ff-2a95-fb19 |
| 15 State | IL |
| Employer's state ID No. | 273141677 |
| 16 State wages, tips, etc. | 12380.66 |
| 17 State income tax | 541.05 |
| 18 Local wages, tips, etc. | |
| 19 Local income tax | |
| 20 Locality name | |

This information is being furnished to the Internal Revenue Service. If you are required to file a tax return, a negligence penalty or other sanction may be imposed on you if this income is taxable and you fail to report it.

# EXHIBIT B

**Form W-2 Wage and Tax Statement 2017**

Copy C for employee's records

| d Control number | 0943-12081438 0000001708- | Void | c Employer's name, address, and ZIP code | | | Department of the Treasury - Internal Revenue Service OMB No. 1545-0008 | |
|---|---|---|---|---|---|---|---|
| b Employer's identification number 82-2428395 | [REDACTED] | | 116 GREEN HOLDINGS 1730 N RICHMOND ST CHICAGO IL 60647 | | | 1 Wages, tips, other compensation 5363.48 | 2 Federal income tax withheld 492.78 |
| 13 Statutory employee | Retirement plan | | | | | 3 Social security wages 5363.48 | 4 Social security tax withheld 332.54 |
| 12 See Instrs. for Box 12 | 14 | | e Employee's name, address, and ZIP code WILLIAM PSILOS 853 N LEAVITT CHICAGO IL 60622 | | | 5 Medicare wages and tips 5363.48 | 6 Medicare tax withheld 77.77 |
| | | | | | | 7 Social security tips | 8 Allocated tips |
| | | | | | | 10 Dependent care benefits | 11 Nonqualified plans |
| | | | | | | 9 Verification Code b730-82ed-7fff-daa7 | |
| 15 State IL | Employer's state ID No. 822428395 | 16 State wages, tips, etc. 5363.48 | 17 State income tax 248.92 | 18 Local wages, tips, etc. | 19 Local income tax | 20 Locality name | |

This information is being furnished to the Internal Revenue Service. If you are required to file a tax return, a negligence penalty or other sanction may be imposed on you if this income is taxable and you fail to report it.

Services   Publications/Forms   Departments   News   Contact



Office of the Secretary of State Jesse White
**CYBERDRIVEILLINOIS.COM**

# Corporation/LLC Search/Certificate of Good Standing

## Corporation File Detail Report

| | |
|---|---|
| File Number | 71366707 |
| Entity Name | 116 GREEN HOLDINGS, INC. |
| Status | DISSOLVED |
| | Involuntary Dissolution on Friday, 14 December 2018 |

### Entity Information

| | |
|---|---|
| Entity Type | CORPORATION |
| Type of Corp | DOMESTIC BCA |
| Incorporation Date (Domestic) | Monday, 17 July 2017 |
| State | ILLINOIS |
| Duration Date | PERPETUAL |

### Agent Information

| | |
|---|---|
| Name | PAUL A FARAHVAR |

Address                180 W WASHINGTON ST #810
                       CHICAGO , IL 60602

Change Date            Wednesday, 7 March 2018

## Annual Report

Filing Date            00/00/0000

For Year               2018

Return to Search

### Reinstate your Dissolved Corporation

This information was printed from www.cyberdriveillinois.com, the official website of the Illinois Secretary of State's Office.                    Fri Jan 17 2020

# EXHIBIT C

| PERSONAL AND CHECK INFORMATION | | | EARNINGS | DESCRIPTION | HRS/UNITS | RATE | THIS PERIOD ($) | YTD HOURS | YTD ($) |
|---|---|---|---|---|---|---|---|---|---|
| William Psilos | | | | Hourly | 78.08 | 19.0000 | 1483.52 | 366.76 | 6968.44 |
| 853 N Leavitt | | | | Overtime | 0.43 | 42.7500 | 18.38 | 32.45 | 930.96 |
| Chicago, IL 60622 | | | | Total Hours | 78.51 | | | 399.21 | |
| Soc Sec #: xxx-xx-xxxx   Employee ID: 1708 | | | | Gross Earnings | | | 1501.90 | | 7899.40 |
| Home Department: 7 Cook | | | | Total Hrs Worked | 78.51 | | | | |
| Pay Period: 03/14/19 to 03/27/19 | | | WITHHOLDINGS | DESCRIPTION | FILING STATUS | | THIS PERIOD ($) | | YTD ($) |
| Check Date: 04/03/19   Check #: 1160 | | | | Social Security | | | 93.11 | | 489.76 |
| NET PAY ALLOCATIONS | | | | Medicare | | | 21.78 | | 114.54 |
| DESCRIPTION | THIS PERIOD ($) | YTD ($) | | Fed Income Tax | S 2 | | 116.46 | | 657.15 |
| Check Amount | 1200.54 | 6268.60 | | IL Income Tax | 0 1 | | 70.01 | | 369.35 |
| NET PAY | 1200.54 | 6268.60 | | TOTAL | | | 301.36 | | 1630.80 |

# EXHIBIT D

| NET PAY | THIS PERIOD ($) | YTD ($) |
|---|---|---|
| | 1200.54 | 6268.60 |

Payrolls by Paychex, Inc.

0943 1208-1438  116 Green • 116 N Green St • Chicago IL 60607 • (513) 807-1709

To: Chris Freeman

# EXHIBIT E

6/11/19, 4:50 PM

> Hey, what are the updates on when we're getting paid?

6/14/19, 10:22 AM

> It's been a week and a half, what's the status of the unpaid wages? Also I still have a key to the building that I assume you need to be returned

8/5/19, 3:42 PM

> Since you haven't responded to the Department of Labor about my unpaid wages, the case will go to small claims court. It would be easier for both of us and cheaper for you to just pay me the wages now, since I have all the documentation (as you can see from the documents I sent along with the unpaid wage complaint form) and you'll have to pay court costs, etc.

Send me your name and address please.

> Thanks, William Psilos 853 N Leavitt St Apt 2R 60622

Will, I want you to get paid. Unfortunately I'm completely broke/broken, and am trying to figure out how to support my family right now — which is my first and only priority personally at this time. I am literally filing personal bankruptcy tomorrow afternoon.

My "partners" have been calling themselves my "employees" — and as such have disappeared leaving me holding the bag.

Your claim is actually with the company who employed you— which, I believe is one of the holdings companies that Dexter was the sole owner of. I don't believe he is filing bankruptcy so you stand a chance of having him pay your wages — if you can find him.

B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>William Psilos<br>853 N Leavitt St Apt 2R Chicago, IL 60622-7115<br>(815) 922-7416 | **DEFENDANTS**<br>Christopher A. Freeman<br>537 Monroe Ave.<br>Glencoe, IL 60022-2071 |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>N/A | **ATTORNEYS** (If Known)<br>Carolina Y. Sales<br>Bauch & Michaels, LLC<br>53 W Jackson Blvd Suite 1115 Chicago, IL 60604 |
| **PARTY** (Check One Box Only)<br>☐ Debtor ☐ U.S. Trustee/Bankruptcy Admin<br>☒ Creditor ☐ Other<br>☐ Trustee | **PARTY** (Check One Box Only)<br>☒ Debtor ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor ☐ Other<br>☐ Trustee |

FILED
UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
MAY 22 2020
JEFFREY P. ALLSTEADT, CLERK
INTAKE 2

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Complaint for objection to dischargeability of debt pursuant to both 11 U.S.C. §523(a)(2) and 11 U.S.C. §523(a)(6).

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
1 ☒ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
2 ☒ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ 4,026.38 |

Other Relief Sought
Determination that the debt owed to me by the defendant is not discharged, and defendant is found liable for damages.

B1040 (FORM 1040) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | | |
|---|---|---|---|
| NAME OF DEBTOR<br>Christopher A. Freeman | BANKRUPTCY CASE NO.<br>19–22116 | | |
| DISTRICT IN WHICH CASE IS PENDING<br>Northern District of Illinois | DIVISION OFFICE<br>Eastern Division | NAME OF JUDGE<br>Jack B. Schmetterer | |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | | |
| PLAINTIFF | DEFENDANT | | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br>*/s/ William Psilos* | | | |
| DATE<br>05/17/2020 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>William Psilos | | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.